IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Alessandra Staley, ) | Civil Action No.: 3:13-cv-00280-MGL |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER AND OPINION** |
| ) | |
| Computer Sciences Corporation, ) | |
| ) | |
| Defendant. ) | |

Plaintiff Alessandra Staley ("Plaintiff") filed this action against her former employer, Computer Sciences Corporation ("Defendant"), alleging several federal discrimination claims and state law breach of contract claims. Defendant filed a motion for summary judgment on July 1, 2014 (ECF No. 47) and Plaintiff filed a motion to dismiss for lack of jurisdiction on August 6, 2014 asking this Court to decline to exercise supplemental jurisdiction over her state law breach of contract claims. (ECF No. 53). The motions were fully briefed by the parties. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for consideration. The Magistrate Judge has prepared a thorough Report and Recommendation and recommends that Defendant's motion for summary judgment be granted and that Plaintiff's motion to dismiss be rendered moot, or in the alternative, denied on the merits. (ECF No. 56.)

**STANDARD OF REVIEW**

The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter, and the Court incorporates such without a recitation. The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423

U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

## DISCUSSION

The Magistrate Judge recommends that this Court grant Defendant's motion for summary judgment and deny Plaintiff's motion to dismiss. After setting forth this applicable law and the relevant factual and procedural background, the Magistrate Judge carefully addressed each of the claims asserted in Plaintiff's complaint, to include discrimination, retaliation, disparate treatment, hostile work environment, and harassment claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq*, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq*., as well as state law breach of contract claims. The Magistrate Judge determined that Plaintiff's racially hostile work environment and retaliation claims are subject to dismissal due to Plaintiff's failure to exhaust her administrative remedies. (ECF No. 56 at 11.) The Magistrate Judge also concluded that Plaintiff's various discrimination claims fail because Plaintiff failed to establish a prima facie case of discrimination in that she did not show that she suffered an adverse employment action. (ECF No. 56 at 15.) The Magistrate Judge considered Plaintiff's Family Medical Leave Act claim ("FMLA") and determined that Plaintiff failed to demonstrate a genuine dispute as to any material fact on the claim. (ECF No. 56 at 15.) Further, the Magistrate Judge noted that Plaintiff's breach of contract claims are subject to dismissal because Plaintiff was an at-will employee under South Carolina law and Plaintiff failed to show any documents, i.e., Employee Handbook, Offer Letter, or a Performance Improvement Plan ("PIP"), created a

contractual obligation sufficient to alter that status and to sustain a breach of contract claim. (ECF No. 56 at 16-19.) Finally, the Magistrate Judge considered Plaintiff's motion to dismiss and recommends that it be rendered moot if the Court accepts the Magistrate Judge's recommendations on Plaintiff's breach of contract claims, or denied on the merits alternatively, based on the factors courts commonly consider in determining whether to continue to exercise jurisdiction over state law claims. (ECF No. 56 at 20-21.)

Plaintiff filed objections to the Report and Recommendation primarily disagreeing with the Magistrate Judge's assessment of her breach of contract claims. (ECF No. 57.)   Related to this overarching objection, Plaintiff argues that the Magistrate Judge erroneously characterized Plaintiff as a poor performer; improperly discounted the significance of Plaintiff's denial of training opportunities; failed to acknowledge "mandatory language" giving rise to an enforceable contract; and erred in denying Plaintiff's motion for the Court to decline to exercise supplemental jurisdiction. (ECF No. 57.)

In light of the standards set forth above, the Court has reviewed, *de novo*, the Report, Plaintiff's objections, and Defendant's reply. The Court, however, finds that Plaintiff's objections have no merit as they merely relate to Plaintiff's disagreement with the proposed disposition of her case. The objections have no relevance to the Magistrate Judge's actual analysis and the substance of her recommendation and instead are simply restatements of arguments and facts previously presented to the Magistrate Judge. To briefly address these matters, first, the Court finds that the Magistrate Judge's recitation of the relevant facts is correct and accepts and incorporates them herein. Next, the issue of whether Plaintiff was identified by her supervisor as a poor performer and the credibility of that individual, simply has no bearing on the central question—that is, whether

Plaintiff has established an enforceable contract which is required for a breach of contract claim. Additionally, Plaintiff has not established that she had an enforceable contract entitling her to receive training nor has she shown that any purported denial of training had any detrimental effect on her. Finally, the Magistrate Judge fully considered Plaintiff's argument that Plaintiff's offer letter, PIP, or Employee Handbook established a contract and concluded that these documents did not contain the mandatory language sufficient to change Plaintiff's at-will employment status. The Court finds no error in the Magistrate Judge's consideration and agrees with her conclusion. Plaintiff's attempts to cherry-pick favorable language without adequate context is unavailing. Accordingly, these objections are overruled.

Finally, contrary to Plaintiff's assertion, the Magistrate Judge never denied Plaintiff's motion for the Court to decline to exercise supplemental jurisdiction. Instead, it is clear that the Magistrate Judge recommended that Plaintiff's motion to dismiss be rendered moot should this Court accept the Magistrate Judge's recommended treatment of Plaintiff's other claims. The Court has reviewed the motion in its entirety, in light of the Report and Recommendation and objections, and can only conclude that it is a last-minute attempt to save the state-law aspects of her case after declining to contest Defendant's efforts to dismiss Plaintiff's federal causes of action. (ECF No. 53-1 at 2.) At this juncture, discovery has concluded, and Plaintiff's federal and state law claims have been fully briefed and are all before this Court for a final determination. This Court has discretion concerning whether to retain supplemental jurisdiction over state law claims after dismissal of federal claims. *See* 28 U.S.C. § 1367(c)(3); *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995). In the exercise of that discretion, and in furtherance of fairness, convenience, and considerations of judicial economy, the Court sees no reason to decline to exercise jurisdiction. *See id.* Plaintiff's state law

claims and arguments are closely related to her federal claims and the Court can easily dispense with them.  For the reasons set forth above and in the Report and Recommendation,  Plaintiff's breach of contract claims are subject to dismissal.

## **CONCLUSION**

After a thorough review of the Report and Recommendation, Plaintiff's objections, Defendant's reply, the record, and the applicable law, the court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. Therefore, Defendant's Motion for Summary Judgment is hereby GRANTED (ECF No. 47) and Plaintiff's Motion to Dismiss is DENIED. (ECF No. 53.)

IT IS SO ORDERED.

s/ Mary G. Lewis
United States District Judge

Spartanburg, South Carolina
November 17, 2014